UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-81018 CIV-RYSKAMP/Vitunac

STG SECURE TRADING GROUP,
INC.,

        Plaintiff,

v.

SOLARIS OPPORTUNITY FUND, LP,

        Defendant.
_____/

## ORDER DENYING MOTION TO VACATE, MODIFY AND/OR CORRECT AMENDED ARBITRATION AWARD

THIS CAUSE comes before the Court pursuant to the motion of Plaintiff STG Secure Trading Group, Inc. ("STG, Inc.") to vacate, modify and/or correct amended arbitration award, filed May 18, 2007 **[DE 15]**. Defendant Solaris Opportunity Fund, LP ("Solaris") responded on June 15, 2007 **[DE 27]**, and STG, Inc. replied on June 19, 2007 **[DE 31]**. This motion is ripe for adjudication.

On January 19, 2006, Solaris filed a Statement of Claim before the National Association of Securities Dealers ("NASD") styled <u>Solaris Opportunity Fund, L.P. v. STG Secure Trading Group, LLC, Penson Financial Services, Inc., Scott Budner and Alan Weiner</u>, Case No. 06-00279. Solaris is a hedge fund and a former customer of STG Secured Trading Group, LLC ("STG, LLC") and Penson Financial Services, Inc. Solaris invested over $11 million with STG, LLC and alleged in its Statement of Claim that STG, LLC used said funds to meet its own capital shortfall. The parties entered into a Second Amended Settlement Agreement whereby STG, LLC and its principals would repay Solaris the sum of $11,734,853.42. The Statement of Claim

2

alleges that $1,984,313.00 remains unpaid. The Statement of Claim named "STG Secure Trading Group, LLC," not "STG Secure Trading Group, Inc" as a Respondent.

The arbitration Panel held an evidentiary hearing on October 10, 2006. The Panel issued its Award on October 25, 2006, ruling that STG, Inc. and Weiner were jointly and severally liable to Solaris for the unpaid funds. The Award lists STG, Inc., not STG, LLC, as a Respondent. The Award also designates STG, Inc. as having filed a counterclaim and a third-party claim.

On November 1, 2006, Solaris filed the 06-81018 action seeking to modify the Award to substitute STG, LLC for STG, Inc. The Court granted the requested relief and closed the matter the same day.

On November 10, 2006, Solaris filed its Motion to Reopen, Reconsider or Vacate the November 1, 2006 Order. Solaris requested that the Court reconsider or vacate its prior Order on the grounds that two motions to modify the Award were pending before the NASD. On October 27, 2006, Solaris moved the Panel to modify the Award to correct several factual discrepancies therein, including an incorrect designation of a counselor's name. On November 2, 2006, Solaris moved the NASD for modification of the award to reflect that both STG, LLC and STG, Inc. are liable for the unpaid funds. Solaris also requested vacation of the November 1, 2006 Order on the grounds that it did not receive notice of STG, Inc.'s request for relief and because STG, Inc. has voluntarily agreed to submit itself to NASD jurisdiction by virtue of its filing a Uniform Submission Agreement. The NASD indicated that it would not rule on the motions pending before it until this Court ruled on Solaris's motion.

3

The Court vacated its previous Order and refrained from taking further action until the Panel resolved both motions pending before it and clarified the scope of its decision as to which entity or entities the Award applied. On May 16, 2007, the Panel issued its Amended Award in which it specifically reaffirmed its prior determination that STG., Inc. was jointly and severally liable for the damages awarded in the initial award.

STG, Inc. is bound by the Amended Arbitration Award by virtue of its signing the Uniform Submission Agreement, which expressly provides that "the undersigned parties hereby voluntarily consent to submit to the jurisdiction of any court of competent jurisdiction which may properly enter such judgment." (Defendant Ex. B.)  The signing of a Uniform Submission Agreement binds a party to arbitration. See Smith Barney v. Scanlon, 180 F.R.D. 444, 447 (S.D. Fla. 1998) (citing Dean Witter Reynolds, Inc. v. Fleury, 138 F.3d 1339, 1342 (11th Cir. 1998)) ("The Court held that under the Federal Arbitration Act the submission agreement, being 'an agreement in writing to submit to arbitration an existing controversy,' is 'valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'"); Piggly Wiggly Operators' Warehouse, Inc. v. Piggly Wiggly Operators' Warehouse Independent Truck Drivers Union, 611 F.2d 580, 584 (5th Cir. 1980) ("If the parties entered into a submission agreement, this later contract is the substitute for legal pleadings; it joins the issues between the parties and empowers the arbitrator to decide it."). None of STG, Inc.'s cases address the facts present here, where, among other things, the party contesting the award signed a Uniform Submission Agreement.

STG, Inc. has failed to present any other grounds for vacation or modification of the award. It could have, but did not, bring any alleged error to the attention of the Panel nor did it

ever raise any issue until after the Panel issued the initial award. STG, Inc. was well aware of the arbitration proceedings and certainly the execution of the Uniform Submission Agreement.

The Panel did not violate the procedures set forth in the Code of Arbitration Procedure. STG, Inc.'s representative did not attend the hearing, but the Court has previously acknowledged that such is immaterial and is not a violation of due process rights. Even more specifically, the NASD Arbitrator's Manual states that "[p]arties need not be represented by an attorney in arbitration."

Finally, the Panel did not act arbitrarily or capriciously. To the contrary, it reviewed its findings not once, but twice. "A domestic arbitral award may be vacated as 'arbitrary and capricious' if it exhibits a wholesale departure from the law [or] if the reasoning is so palpably faulty that no judge, or group of judges, could ever conceivably have made such a ruling." Industrial Risk Insurers v. M.A.N. Gutehoffnungshutte, 141 F.3d 1434, 1446 n.16 (11th Cir. 1998) (citing Brown v. Rauscher Pierce Refsnes, Inc., 994 F.2d 775, 781 (4th Cir. 1993)). STG, Inc.'s examples of the Panel's alleged arbitrary and capricious ruling are lacking. It states that the Panel failed to allow parties to obtain counsel, failed to grant requests to reschedule, failed to limit liability to the proper parties and failed to correct its alleged mistakes. The Court previously rejected each and every one of these reasons in its order in Solaris v. Weiner, Case No. 06-81302 **[DE 9]**. The Panel reviewed the facts of this case it issued its Amended Award, which included STG, Inc. as one of the entities liable for the sum awarded to Solaris. Accordingly, it is hereby

ORDERED AND ADJUDGED that the motion of Plaintiff to vacate, modify and/or correct amended arbitration award, filed May 18, 2007 **[DE 15]**, is DENIED. It is further

5

ORDERED AND ADJUDGED that the May 24, 2007 **[DE 19]** Order imposing the bond requirement is VACATED as STG, Inc. is liable for the sum designated in the Amended Arbitration Award.

DONE AND ORDERED at Chambers in West Palm Beach, Florida this 27 day of June, 2007.

_____
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE