UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-81018-CIV-RYSKAMP/VITUNAC

STG SECURE TRADING GROUP, INC.,

    Petitioner,
v.
SOLARIS OPPORTUNITY FUND, LP,

    Respondent.
_____/

SOLARIS OPPORTUNITY FUND, LP,

    Petitioner,
v.
ALAN DAVID WEINER,.

    Respondent.
_____/

## OMNIBUS ORDER

THIS CAUSE comes before the Court pursuant to the following motions:

- Alan Weiner ("Weiner") and non-party Steffi Weiner's ("Mrs. Weiner") Objection to Writ of Execution and Motion for Protective Order, filed August 10, 2007 **[DE 58]**. Solaris Opportunity Fund, LP ("Solaris") responded on August 27, 2007 **[DE 65]**.

- Solaris's Emergency Motion for Inventory, filed August 14, 2007 **[DE 59]**. Weiner objected on August 14, 2007 **[DE 60]**. Solaris replied on August 24, 2007 **[DE 63]**.

- Weiner's Motion for Protective Order, filed August 16, 2007 **[DE 61]**. Solaris responded on September 4, 2007 **[DE 70]**.

- Solaris's Objection and Motion to Strike Weiner's Inventory List, filed August 31, 2007 **[DE 69]**.

2

On April 13, 2007, the Court issued a Final Judgment against Weiner, finding him jointly and severally liable to Solaris for over $2.2 million. On June 28, 2007, the Court entered a Final Judgment against Weiner's company, STG Secure Trading Group, Inc. ("STG") for the same amount.

Solaris issued two subpoenas duces tecum, one to depose Weiner as an individual, and the other to depose Weiner as president of STG. Weiner appeared for his individual deposition on July 24, 2007. The applicable subpoena duces tecum requested, among other things:

> 12. All files, documents and records evidencing your ownership of a lien for any interest in or under a lien on real or personal property, both at the present time and at any time since. The term "lien" is defined as any encumbrance, including, without limitation, mortgages, mechanics liens, vendor's liens, and security agreements.
>
> 13. All files, documents and records evidencing your ownership of any interest in personal property within this state and in any other state, both at the present time and at any time since January 1, 2002.

Although Weiner maintained that he has virtually no funds in his bank account, he revealed that his house is worth $3.4 million and that he owns and leases several automobiles, including two Cadillacs, a BMW, and a Bentley worth over $200,000. He also testified that he purchased, through financing, a 65 foot boat and a 25 foot boat. Weiner was unable to state the brands, styles, manufacturers or any other identifiable terms that would enable Solaris to ascertain the value of said items, however. Weiner failed to complete a written financial questionnaire that requested information relating to these items. Weiner also failed to provide any documents responsive to the subpoena.

3

Weiner testified similarly at the August 7, 2007 corporate deposition. The applicable subpoena duces tecum requested that Weiner produce, among other things:

> 15. Schedule of all business furniture, fixtures, furnishings, and equipment owned by the corporation as of the date of this exhibit.
>
> 16. Schedule of all business furniture subject to lien.
>
> 17. All files, documents and records evidencing your ownership, purchase or sale of any interest in personal or real property within this state and any other state, both at the present time and at any time since January 1, 2002.

Weiner testified that STG has no funds in its bank account. He also stated that the office contained a variety of assorted pieces of computer hardware and office furniture, including desks, computers, and more than 30 computer monitors. Weiner brought no evidence supporting these claims, however.

On August 8, 2007, pursuant to Fed.R.Civ.P. 69, Solaris obtained a writ of execution from the Clerk of Court directed toward property located within the Weiner residence. On August 10, 2007, Solaris obtained a writ of execution directed toward property located within the STG corporate office.

The Weiners object to the writ of execution directed toward their residence because they maintain that most of the possessions located within their home either belong to Mrs. Weiner or are the couple's joint property. They request and that the writ of execution be stricken, amended or otherwise declared unenforceable. They also request an order protecting Mrs. Weiner's property from Solaris's collection efforts.

Apart from Mrs. Weiner's self-serving assertions, the Weiners have presented no

4

evidence to substantiate the claims that any of the property within the residence either belongs to Mrs. Weiner or is the couple's joint property. Even if Mrs. Weiner were to claim an ownership interest in all personal property within the home, Solaris would be entitled to perform discovery to refute such claims. A "judgment creditor should be allowed broad discovery into the debtor's finances, pursuant to section 56.29(4), Fla. Stat.... and Fla.R.Civ.P. 1.280, this even if the discovery concerns property jointly owned with others." Jim Appley's Tru-Arc, Inc. v. Liquid Extraction Systems, L.P., 526 So.2d 177, 179 (Fla. 2d DCA1988); Goodfriend v. Druck, 321 So.2d 120, 121 (Fla. 4th DCA 1975) (allowing discovery into matters of property held in name of spouse and/or children). The Motion for Protective Order does not state that Mrs. Weiner had sole ownership of all personalty within the home, nor does it demonstrate that the property within the home was not otherwise subject to execution. As such, it is impossible for the Court to issue a protective order because it is impossible for the Court to determine what to protect.

Solaris attempted to schedule a time to inventory items of value at Weiner's house and STG's office. When Weiner failed to provide any acceptable dates, Solaris filed its Emergency Motion for Inventory. Thereafter, Weiner filed a second motion for protective order on the grounds that he intends to avail himself of the provisions of Fl. Stat. § 222.061, which provides as follows:

> When a levy is made by writ of execution, writ of attachment, or writ of garnishment upon personal property which is allowed by law or by the State Constitution to be exempt from levy and sale, the debtor may claim such personal property to the extent from sale by making, within 15 days after the date of the levy, and inventory of his or her personal property. The inventory shall show the fair market valuation of the property listed and shall have an affidavit attached certifying that the inventory contains a correct list of all

> personal property owned by the debtor in this state and that the value shown is the fair market value of the property. The debtor shall designate the property listed in the schedule which he or she claims to be exempt from levy and sale.

Weiner indicates that he served his inventory on August 27, 2007. Solaris objects to Weiner's second request for a protective order and moves to strike his inventory on the grounds that it fails to comply with the statute. Specifically, Solaris claims that the inventory does not include a fair market valuation of the listed property and does not contain an affidavit certifying the accuracy of the valuation.

Nor has Weiner met the Rule 26 good cause standard for seeking a protective order. Although Weiner claims that it would be "cumbersome" and to provide an inventory without the assistance that would have been available prior to the closing of STG, he does not explain why such is the case. The Court grants the motion to strike the inventory from the record and denies the motion for protective order. Accordingly, it is hereby

ORDERED AND ADJUDGED that the Weiners' Objection to Writ of Execution and Motion for Protective Order, filed August 10, 2007 **[DE 58]**, is DENIED. It is further

ORDERED AND ADJUDGED that Solaris's Emergency Motion for Inventory, filed August 14, 2007 **[DE 59]**, is GRANTED. Solaris may perform an inventory of personalty and any other items within the house of Alan David Weiner located at 7330 Sedona Way, Delray Beach, FL 33466 and the office of STG located at 2700 North Military Trail, Boca Raton, Florida, 33431. It is further

ORDERED AND ADJUDGED that Weiner's Motion for Protective Order, filed August 16, 2007 **[DE 61]**, is DENIED. It is further

6

ORDERED AND ADJUDGED that Solaris's Objection and Motion to Strike Weiner's Inventory List, filed August 31, 2007 **[DE 69]**, is GRANTED.

DONE AND ORDERED at Chambers in West Palm Beach, Florida this 23rd day of October, 2007.

S/Kenneth L. Ryskamp  
KENNETH L. RYSKAMP  
UNITED STATES DISTRICT JUDGE